UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jimmy Lee White, Jr., | ) | Crim. No.: 4:11-cr-02164-RBH-1 |
| | ) | Civil Action No.: 4:16-cv-00668-RBH |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner's [ECF No. 60] motion to vacate pursuant to 28 U.S.C. § 2255. Relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), Petitioner argues he was improperly classified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

On June 5, 2017, the government filed a response and motion to dismiss arguing Petitioner was not entitled to relief because he procedurally defaulted his claim. The government also argues Petitioner has three predicate offense which continue to qualify him as an armed career criminal. At issue in this case is whether Petitioner's prior conviction for voluntary manslaughter in South Carolina qualifies as a violent felony under the force clause of 18 U.S.C. § 924(e). For the reasons stated below, the Court grants Respondent's motion to dismiss, dismisses Petitioner's motion to vacate, and dismisses this case with prejudice.[1]

## **Procedural History**

On December 7, 2011, Petitioner pled guilty to felon in possession of a firearm in violation

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

of 18 U.S.C. § 922(g). The Presentence Investigation Report prepared by the U.S. Probation Office determined that Petitioner's advisory guideline range was 180 to 188 months imprisonment. A sentencing hearing was held on March 8, 2012. At sentencing, the Court sentenced Petitioner to 180 months imprisonment. The judgment was entered on March 9, 2012.

Petitioner filed a notice of appeal on March 19, 2012. The Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence on August 8, 2012. The Mandate and Judgment were entered on March 30, 2012.

Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on March 2, 2016.

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' (internal citation omitted). For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. (internal citations omitted) Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'". *Stone v. Powell*, 428 U.S. 465, n. 10 (1976); *see also United States v. Boyd*, No. 02-6242, 2002 WL 1932522, at *1 (4th Cir Aug. 22, 2002) ("Non-constitutional

2

claims that could have been raised on direct appeal . . . may not be raised in a collateral proceeding under § 2255.").

**Discussion**

Petitioner argues he was improperly designated an armed career criminal under ACCA. Specifically, Petitioner argues his prior conviction for voluntary manslaughter in South Carolina does not qualify as a violent felony after *Johnson*. The government responds that Petitioner has procedurally defaulted this claim. The government also argues that Petitioner's prior conviction for voluntary manslaughter continues to qualify as a "violent felony" under the force clause, 18 U.S.C. § 924(e)(2)(B)(i).

Title 18 U.S.C. § 924(e), often referred to as the Armed Career Criminal Act ("ACCA"), provides for a mandatory minimum sentence of 15 years for any person convicted of possessing a firearm in violation of 18 U.S.C. § 922(g) provided that person has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). Petitioner concedes that he has two prior convictions for distribution of crack cocaine that qualify as serious drug offenses under ACCA. The question in this case is whether Petitioner's prior conviction for voluntary manslaughter in South Carolina qualifies as a violent felony.

The term "violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical

3

injury to another." 18 U.S.C. § 924(e)(2)(B). Subsection (i) is referred to as the "force clause." Subsection (ii), which references "burglary, arson, or extortion, involves use of explosives," is referred to as the "enumerated clause." Of course, the phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another," referred to as the "residual clause," was struck down as unconstitutionally vague in *Johnson*. To determine whether Petitioner remains subject to the 15 year mandatory minimum of the ACCA, the Court must consider whether voluntary manslaughter qualifies as a violent felony under the "force clause." In other words, the Court must resolve whether voluntary manslaughter "has an element the use, attempted use, or threatened use of physical force against the person of another."

To determine whether a state crime qualifies as a violent felony under the ACCA's force clause, the Court must apply the categorical approach described by the Supreme Court in *Descamps v. United States*, ––– U.S. ––––, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). Under the categorical approach, the Court considers whether the state crime at issue has as an element the "use, attempted use, or threatened use of physical force against the person of another" and does not consider the particular facts underlying the defendant's conviction. *Descamps*, 133 S.Ct. at 2283 *(citing Taylor v. United States*, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). The Supreme Court has defined the term "physical force" as used in the ACCA as "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) (*Johnson I*).

In evaluating whether a state offense requires the use, attempted use, or threatened use of physical force, federal courts must rely on the interpretation of the offense rendered by the courts of the state in question. *See United States v. Winston*, 850 F.3d 677, 684 (4th Cir. 2017); *United States*

*v. Doctor*, 842 F.3d 306, 309 (4th Cir. 2016). Courts look to the "minimum conduct" required to obtain a conviction for the state crime in order to determine whether that state crime involves the use, attempted use, or threatened use of physical force. *Doctor*, 842 F.3d at 308.

Voluntary manslaughter is defined in South Carolina as the unlawful killing of a human being in the sudden heat of passion upon sufficient legal provocation. *State v. Cole*, 525 S.E.2d 511, 513 (S.C. 2000); *State v. Sams*, 764 S.E.2d 511, 514 (S.C. 2014). Petitioner's argument that voluntary manslaughter is not a violent felony under the force clause is premised on dicta from *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012), and the notion that poisoning someone does not have as an element the use of force or threatened use of force because it does not involve the direct application of force. In *Torres-Miguel*, the Fourth Circuit stated "[o]f course, a crime may *result* in death or serious injury without involving *use* of physical force . . . threatening to poison another . . .involves no use or threatened use of force." *Torres-Miguel*, 701 F.3d at 168-69. Because one could commit voluntary manslaughter through the use of indirect force, such as poisoning or locking someone in a hot car, Petitioner argues voluntary manslaughter does not involve violent physical force as required for an ACCA force clause predicate.

However, after *Torres-Miguel*, the United States Supreme Court decided *United States v. Castleman*, 134 S.Ct. 1405 (2014), and observed that when a defendant uses poison against another person, the relevant "use of force" "is not the act of 'sprinkling' the poison; it is the act of employing poison knowingly as a device to cause physical harm. *That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter.*" *Castleman*, 134 S.Ct. at 1415 (emphasis added). In his brief, Petitioner maintains that *Torres-Miguel* is still good law in the Fourth Circuit based on a footnote in *United States v. McNeal*, 818 F.3d 141, 156 n. 10 (4th Cir.

5

2016), which described the argument that *Castleman* abrogated *Torres-Miguel* as "a dubious proposition." Since *McNeal*, the Fourth Circuit has stated unequivocally that *Castleman* abrogated *Torres-Miguel*. In *In re Irby*, the Fourth Circuit rejected the defendant's reliance on *Torres-Miguel* and stated "the distinction we drew in *Torres-Miguel* between indirect and direct applications of force and our conclusion that poison 'involves no use or threatened use of force,' no longer remains valid in light of *Castleman's* explicit rejection of such a distinction." *In re Irby*, 858 F.3d 231, 238 (4th Cir. 2017). Recently, in *United States v. Burns-Johnson*, the Fourth Circuit held that the language of *Castleman* abrogated the statement in *Torres-Miguel* that "the use of poison would not constitute the use of force under *Johnson I*." *United States v. Burns-Johnson*, 864 F.3d 313 (4th Cir. 2017) (stating "[a]s we held in *In re Irby*, 858 F.3d 231, 235-38 (4th Cir. 2017), this language in *Castleman* abrogates our statement in *Torres-Miguel* that the use of poison would not constitute the use of force under *Johnson I*"). Petitioner's proposition that *Torres-Miguel* remains the law in this circuit is wishful thinking. The argument that voluntary manslaughter is not a violent felony under the ACCA because the offense could be committed through the indirect application of force fails in light of *Castleman's* explicit rejection of that distinction.

Voluntary manslaughter under South Carolina law necessarily involves "violent force" under *Johnson*, since it is an intentional homicide. As the Fourth Circuit noted in *In re Irby*, "one cannot unlawfully kill another human being without a use of physical force capable of causing physical pain or injury to another." 858 F.3d 231, 238 (4th Cir. 2017).

Both the 4th Circuit and the Supreme Court have held that the force clause of 18 U.S.C. § 924(e)(2)(B)(i) requires violent force against an individual, with some level of intent beyond negligence, and perhaps beyond recklessness. *Johnson v. United States*, 559 U.S. 133 (2010);

*United States v. Shell*, 789 F.3d 335, 341 (4th Cir. 2015); *United States v. Chisolm*, 579 Fed.Appx. 187 (4th Cir. 2014). The offense "does involve intent on the part of the perpetrator," but not malice, as required for murder. *State v. Blassingame*, 244 S.E.2d 528 (S.C. 1978). The element of intent distinguishes voluntary manslaughter from involuntary manslaughter, which may be committed recklessly or negligently. *State v. Sams*, 764 S.E.2d 511 (S.C. 2014) (voluntary manslaughter defendant was not entitled to jury charge on involuntary manslaughter, because all of the evidence showed he acted intentionally); *accord State v. Pickens*, 466 S.E.2d 364 (S.C. 1996); *State v. Smith*, 446 S.E.2d 411 (1994).

No plausible argument can be made that voluntary manslaughter does not involve violent physical force that is capable of causing physical pain or injury to another person. It requires intentional conduct, distinct from the negligence or recklessness required for involuntary manslaughter. The distinction Petitioner attempts to draw between direct and indirect applications of force is no longer valid. Because voluntary manslaughter has, as an element, the intentional use of physical force against another, it qualifies as a violent felony under 18 U.S.C. § 924(e)(2)(B)(i). Petitioner was properly sentenced to the mandatory minimum sentence of 15 years pursuant to the ACCA because Petitioner has three valid prior convictions for either a serious drug offense or violent felony.

Petitioner's motion to vacate under 28 U.S.C. § 2255 is due to be dismissed.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's

7

assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## Conclusion

For the reasons stated above, the government's [ECF No. 84] motion to dismiss is **GRANTED** and Petitioner's [ECF No. 60] motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

October 4, 2017                                                         s/ R. Bryan Harwell
Florence, South Carolina                        R. Bryan Harwell
                                                                             United States District Judge